UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

OUSSAMMA AHAMAD AYOUB,

                Plaintiff(s),          CASE NUMBER: 05-71484
                                         HONORABLE VICTORIA A. ROBERTS

v.

MICHAEL CHERTOFF, Secretary of
the Department of Homeland Security, and
ROBIN BAKER, Field Operations Director
Immigration Customs Enforcement,

                Defendant(s).
_____/

ORDER DENYING PETITION FOR WRIT
OF HABEAS CORPUS, REVIEW OF DEPORTATION ORDER,
AND STAY OF DEPORTATION AND REMOVAL

This matter is before the Court on Petitioner Oussamma Ahamad Ayoub's

Petition for Writ of Habeas Corpus, Review of Deportation Order and Stay of

Deportation and Removal.  A hearing was held on April 18, 2005.  The Court **DENIES**

Petitioner's motion.

I.      **BACKGROUND AND ARGUMENT**

Petitioner Ayoub is a citizen of Germany.  He entered the United States in 2000

under the Visa Waiver Pilot Program ("VWPP"), which is governed by 8 U.S.C. §1187.

The VWPP allows aliens to enter the United States without a visa.  VWPP waivers are

contingent on several factors including that the alien is seeking entry as a tourist for 90

days or less.  8 U.S.C. §1187(a)(1).  As a condition of receiving a waiver, aliens granted

1

Dockets.Justia.com

entry under the VWPP must waive the right to contest subsequent removal actions, except when seeking asylum.  8 U.S.C. §1187(b)(2).

While here under the VWPP, Petitioner filed a Form I-485 Application to Adjust Status to that of a lawful permanent resident, claiming to be the dependent child of the sister of a United States citizen.[1]  On December 28, 2000, a temporary I-551 stamp (a temporary green card) was placed on Petitioner's passport.  On the next day, however, Petitioner's I-485 application was denied, because Petitioner was 21 years old and no longer met the age requirement for a family-based petition.

Petitioner, who apparently has remained in the United States beyond the time allowed under the VWPP, was detained on April 5, 2005 and ordered deported.  An immigration judge denied his request for bond because he entered the United States pursuant to the VWPP.  Petitioner disputes the validity of the immigration judge's ruling.  He contends that the temporary I-551 stamp indicated an approval of his I-485 application and that he was deemed a lawful permanent resident.

Petitioner further contends that the denial of his application one day later violated his procedural due process rights in violation of 8 C.F.R. §103.5(a)(5)(ii).  Under 8 C.F.R. §103.5(a)(5)(ii), an Immigration and Naturalization Service ("INS") officer may indicate by motion its desire to reopen or reconsider a prior decision.  When the new decision will be unfavorable to the affected party, that party is to be given 30 days to respond to the INS' motion.  Petitioner says that he was not afforded this opportunity.

Petitioner filed this Writ of Habeas Corpus requesting that the Court: 1) vacate

---

[1]Presumably, this means that Petitioner was the nephew of a United States citizen.

2

the order of deportation and remand the matter to an immigration judge for a determination of his status; and 2) order his release on his own recognizance or on a reasonable bond, pursuant to 8 U.S.C. §1231(a)(3) and (6).

Respondents Michael Chertoff and Robin Baker (hereinafter collectively referred to as "the Government")[2] assert that Petitioner is not entitled to habeas relief or bond. First, the Government states that the temporary I-551 stamp was placed on the Petitioner's passport in error, but that in any event, it did not confer lawful permanent resident status upon him. Further, Petitioner's request for adjustment of status was formally denied the following day. Therefore, the Government asserts that the Petitioner maintained his VWPP status and is bound by the terms of such status. And, contrary to Petitioner's current claim that he believed that the temporary stamp conferred lawful permanent status, the Government points out that, in March 2004, Petitioner filed a second application for permanent resident status based on marriage to a United States citizen,[3] and an application for employment authorization in which he described his immigration status as "visitor."

Second, with respect to bond, the Government argues that neither of the statutes that the Petitioner relies upon entitles him to bond. Petitioner has been in custody for just under two weeks. The Government points out that 8 U.S.C. §1231(a)(3) only provides for supervised release if an alien is not removed within 90 days of an order of deportation, per 8 U.S.C. §1231(a)(1)(A). And, the Government asserts that the

---

[2]Chertoff is the Secretary of Homeland Security. Baker is the Field Operations Director for Immigration Customs Enforcement.

[3]The application was denied.

3

Supreme Court in *Zadvydas v Davis*, 533 U.S. 678, 700-701 (2001), interpreting 8 U.S.C. §1231(a)(6), held that it is presumptively reasonable for an alien who has been ordered removed to be detained without bond for up to 6 months.

## II.    ANALYSIS

Petitioner cites no authority in support of his contention that an I-551 stamp alone confers lawful permanent resident status.  The Southern District of Florida in *Nelson v Reno*, 204 F.Supp.2d 1355 (S.D. Fla. 2002), *aff'd,* 61 Fed. Appx. 670 (11th Cir. 2003), rejected the same argument on similar facts.  As in this case, the petitioner in *Nelson* received an I-551 stamp although none of his applications was ever approved.  The stamp was later voided and petitioner's applications were denied.  The petitioner argued that the I-551 stamp established the approval of his permanent residency application. In its analysis, the *Nelson* Court noted that there are several steps in the process of approving an application for lawful permanent resident status, and that the placement of a stamp on an applicant's passport is the last step in the process *after* formal approval of the application.  Therefore, the *Nelson* Court rejected the petitioner's assertion and stated that "an erroneously placed I-551 stamp does not *create* an approval where no such approval was actually granted."  204 F.Supp.2d at 1360.

Like the petitioner in *Nelson*, Petitioner Ayoub's I-485 application was not approved prior to the placement of the I-551 stamp on his passport, or anytime afterwards. In fact, the application was formally denied the next day.  Consequently, there is no basis for the Court to find that the Government's apparent error in placing the I-551 stamp on Petitioner's passport was, in effect, an approval of his I-485 application for lawful permanent resident status.  Nor is the Court persuaded, as

Petitioner contends, that there is a question of fact on this issue.

There is also no merit to Petitioner's contention that his procedural due process rights were denied because he was not given an opportunity, per 8 C.F.R. §103.5(a)(5)(ii), to respond to the Government's decision to deny his I-485 application. 8 C.F.R. §103.5(a)(5)(ii) requires the INS to file a motion if it seeks to reopen or reconsider a prior decision and, if the new decision will be unfavorable, to give the affected party 30 days to respond:

> (5) Motion by Service[4] officer--
>
> (ii) Service motion with decision that may be unfavorable to affected party. When a Service officer, on his or her own motion, **reopens a Service proceeding or reconsiders a Service decision**, and the ***new decision*** may be unfavorable to the affected party, the officer shall give the affected party 30 days after service of the motion to submit a brief. The officer may extend the time period for good cause shown. If the affected party does not wish to submit a brief, the affected party may waive the 30-day period.

(emphasis and footnote added).

As stated, the Government's erroneous affixation of the I-551 stamp on Petitioner's passport did not constitute an approval of his I-485 application. Therefore, the Government's denial of Petitioner's I-485 application the next day was not a reopening or reconsideration of a prior decision. Consequently, the procedural requirements of 8 C.F.R. §103.5(a)(5)(ii) do not apply.

Finally, Petitioner's request for bond is premature. As the Government correctly asserts, 8 U.S.C. §1231(a)(3) only provides for supervised release if an alien is not removed within 90 days of an order of deportation. And, even when detentions extend

---

[4]The term "Service" means the INS. 8 C.F.R. §1.1(c).

5

beyond 90 days, *Zadvydas* provides that continued detention under §1231(a)(6) for up to six months (from the date the order of removal becomes final) is a presumptively reasonable period of time to secure an alien's removal from the United States.  533 U.S. at 700-701.  Since Petitioner has been detained for less than two weeks, he is not entitled to bond pursuant to either 8 U.S.C. §1231(a)(3) or (6).

## III.    CONCLUSION

Petitioner Ayoub's Petition for Writ of Habeas Corpus, Review of Deportation Order and Stay of Deportation and Removal is **DENIED**.

**IT IS SO ORDERED.**

                                   /s/ Victoria A. Roberts
                                  **VICTORIA A. ROBERTS**
**Dated: 4/20/05**                **UNITED STATES DISTRICT COURT**

Pursuant to Rule 77(D), FRCivP,
copies have been sent to attorneys
of record by ordinary mail on 4/20/05